ALFRED H. HOUSEWRIGHT V. STATE.

No. 24456. November 23, 1949.
Rehearing Denied January 4, 1950.

*Harvey P. Shead,* of Longview, for appellant.

*R. L. Whitehead,* Criminal District Attorney, Longview, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was indicted as a second offender against the statute defining driving while intoxicated, and by the jury assessed a penalty of one year and a day in jail.

The transcript evidences the fact that the appellant pleaded guilty to the charge and timely filed a request for a suspended sentence. He also testified herein that he had previously pleaded guilty to a similar offense and that he was drinking on the occasion in question; that since then he had aligned himself

with the association called "Alcoholics Anonymous" and did not intend to ever drink any more.

It seems that while being booked at the jail, some one took moving pictures of such scene, and over appellant's objections, this picture was shown to the jury. The taker of these pictures identified the same, and the only objection thereto seems to be that appellant was under arrest at such time and did not give his consent to the taking of such pictures.

Photographs, where necessary or helpful in an understanding of the facts, have oftentimes been held admissible in many cases. See Gibson v. State, (No. 24,407) recently decided and reported in 153 Texas Crim. Rep. 582, and authorities there cited in the opinion on motion for rehearing. Moving pictures, being but a succession of photographs, have also been held admissible in many states of the Union. See Boyarsky v. Zimmerman Corp., 240 App. Div. 361, 270 N. Y. Supp. 134; Commonwealth v. Roller, 100 Pa. Superior Ct. 125; Heinman v. Market St. Ry. Co., 21 Cal. App. (2d) 311, 69 P. (2d) 178; Morris v. E. I. Dupont De Nemours & Co., 346 Mo. 126, 139 S. W. (2d) 984; Scott, Photographic Evidence, sec. 624; Wigmore on Evidence, (3rd Ed.) Vol. III, sec. 798a; Stone v. Chicago, M., St. P. & P. R. R. Co., 53 F. (2d) 813; Rogers v. City of Detroit, 289 Mich. 86, 286 N. W. 167; State v. Edwards, 194 S. C. 410, 10 S. E. (2d) 587. See also 20 Amer. Jur. p. 615, sec. 738.

In Richardson v. Missouri, Kansas & Texas R. R., 205 S. W. (2d) 819, it was held that the rules surrounding the introduction of a motion picture are the same as those surrounding the introduction of a still photograph. See Underhill on Criminal Evidence, (4th Ed.) p. 164, sec. 119, where the statement is made that such pictures are but a collection of photographs and are subject to the proof of being a true portrayal of the objects there shown. See also 32 C. J. S., p. 613, sec. 709.

It is also contended by appellant that his constitutional rights were violated when this moving picture was taken while under arrest, and that he was thus compelled to give testimony against himself. The facts show that no objection was made by appellant at the time of the taking of such pictures, and the state offers the proposition that such picture falls within the category of reasoning wherein this court has long held that an accused's foot may be placed in a footprint in an endeavor to show similarity between the print and the shoe. This was early held in the caes of Walker v. State, 7 Tex. App. 245, and such

was not violative of our constitutional guaranty found in the Bill of Rights. See Meyers v. State, 14 Tex. App. 35. We can see the analogy between the placing of the shoe and the taking of the picture. Evidently the witnesses could delineate the peculiarities of appellant at the scene of the alleged offense and his demeanor and actions in order to give a basis of their opinion as to his intoxicated condition and it seems to us to be but a clearer delineation of what they saw and described to the jury if such a scene could thus be shown by a series of pictures taken immediately after his apprehension instead of the eye-witnesses testifying only from memory.

We are cited to the case of Rhodes v. State, 11 Tex. App. 563, which announces the doctrine of a difference between acts performed and confessions made by a defendant while under arrest. The former are admitted while the latter are not, unless coming strictly within the letter of the statute. This distinction was clearly drawn in the case of Elizabeth v. State, 27 Tex. App. 329, "wherein it was held that, independent of the confession, the acts of the accused in going to the pool of water and bringing from it the dead body of the murdered child were admissible in evidence against her." See also Walker v. State, 7 Tex. App. 245; Preston v. State, 8 Tex. App. 55.

Of course, the pictures should be identified as correctly portraying the scene, and as thus identified, we think they were admissible.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant renews his complaint because of the admission in evidence of a moving picture film taken of appellant when he was placed in jail. Supplementing what was said in our original opinion we would add that nothing said by appellant at the time was put in evidence. The film, of necessity, only portrayed appellant's appearance and conduct, and the bill complaining of the admission of the film fails entirely to show what the film disclosed, if anything, that could have been harmful to appellant. So far as the bill shows the film might have been helpful to appellant. We are not to be understood as intimating that the film when properly identified would not be admissible even if hurtful to appellant.

The motion for rehearing is overruled.