THOMAS VERNON CARPENTER V. STATE

No. 31,338. February 24, 1960
Motion for Rehearing Overruled April 6, 1960

284

*Rix Rutland* and *Joe Burkett,* both of San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *James E. Barlow, Crawford B. Reeder,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is murder; the punishment, 3½ years.

The indictment was drawn under Art. 802c V.A.P.C. and alleged that appellant, while intoxicated, drove and operated a motor vehicle upon Rigsby Avenue in the corporate limits of the city of San Antonio, Bexar County, Texas, and while in the execution of said unlawful act, through accident and mistake, killed James W. Collins.

The deceased, a 74 year-old man, was struck by an automobile in the 800 block of Rigsby Avenue in San Antonio and instantly killed. The windshield of the Buick automobile which struck him had a large hole on the driver's side. The body was thrown against the windshield of a parked truck and broke it. The car which struck the deceased, who was to its left of the center of the street, swerved to the right and sideswiped an automobile which was stopped at the right curb, then speeded away.

Some three hours later the automobile was found abandoned on a roadside in Wilson County, and soon thereafter appellant was found walking down this country lane. V. C. Lambreth, Deputy Sheriff of Wilson County, testified that appellant was under the influence of alcohol at that time.

The killing of Mr. Collins occurred about 3:30 P.M. on Saturday.

From shortly after 11 A.M. until after 3 P.M. on the day in question appellant was at a tavern where he consumed a half pint of gin and purchased another bottle. It was not shown how much gin he consumed out of the second bottle. The lady proprietor of the tavern testified that as he was leaving the tavern appellant urinated on her patio. When asked if appellant was intoxicated when he left her place of business that day, she said: "Yes; he had all he was going to have at my place."

Appellant's confession was offered in evidence in which he stated that he drank a half pint of gin and ordered another, out of which he offered a drink to other people in the tavern; that "I could feel I was pretty high. I had not eaten anything other than some cheetos and some candy since around noon on Friday and I guess that is why I was feeling my drinks more than I ordinarily do. The last time I recall looking at the time was about twelve fifteen in the afternoon. I do know that I would have to leave there in time to get home and rest and sober up before going to the office."

In his confession and his testimony, it was appellant's contention that he did not remember going to his car; driving it away from the tavern; striking anyone or any car; stopping at a filling station for water for his radiator; or covering the hole in his windshield.

It was his statement and his testimony that the next thing he recalled, after he looked at the time in the tavern, was when two men woke him up on the road on which his car was found, and on which he was found walking.

Appellant testified that he had been taking tablets containing Propadrine to reduce his weight, one tablet containing 25 milligrams being the prescribed dosage; that he had increased the dosage to 2 or 3 tablets, and on the evening of October 31, between 7 and 8 o'clock, he took four tablets, on the following

morning between 7 and 7:30 he took 3 tablets, and prior to leaving home between 10 and 10:30 he took 3 more. He estimated the time of his arrival at the tavern as about 11:30 A.M.

Appellant offered testimony of a medical doctor which, together with his testimony, raised the issue of insanity at the time of the killing, produced by the reducing tablets, alone or coupled with the consumption of alcohol.

The court, in his charge, instructed the jury to acquit if they found from a preponderance of the evidence that appellant was insane from the use of the drug Propadrine. The jury was also instructed that if they found appellant was temporarily insane from the recent use of intoxicating liquor, the jury might take such temporary insanity into consideration in mitigation of any punishment they might assess.

Appellant's first ground for reversal relates to the failure of the trial judge to charge the jury with reference to exculpatory statements in the confession.

The claimed exculpatory statement is that portion of the confession in which appellant stated that he did not recall leaving the tavern in his car; that the next thing he recalled was when two men woke him up on some road, and "I did not have the slightest idea where I was at or how I had gotten there. I don't remember what the men looked like and I don't know if they were colored, white or what * * * I can't recall when and how I left the Highland Tavern and everything is a complete blank up until the time when I was awakened by two men on a road somewhere * * * ."

The confession contains no reference to reducing pills or drugs, but only to the consumption of gin, and the fact that he had not eaten anything except some "Cheetos" and candy since noon the previous day.

We do not understand that one charged with drunken driving may defend upon the ground that he was so drunk he did not recall having driven his automobile on a public highway.

The statements of appellant in his confession were consistent with guilt and were not exculpatory.

The jury rejected the defense of temporary insanity pro-

duced by the drug Propadrine. It might well have done so because it did not accept as true appellant's testimony that he took 10 tablets containing the drug (which he did not mention in his confession), or it may have concluded that gin and not the taking of such drug alone was the cause of his condition and memory.

Intoxication, though resulting in temporary insanity, is not available as a defense to crime. Morris v. State, 160 Tex. Cr. R. 448, 272 S.W. 2d 122. The rule applies to the crime of drunken driving and murder under Art. 802c V.A.P.C. as well as other crimes.

It is contended that venue was not proved.

This contention was raised for the first time after verdict, and this court will presume that venue was proved. Art. 847 V.A.C.C.P.; Masters v. State, 165 Tex. Cr. Rep. 303, 306 S.W. 2d 355.

Further, there was evidence that appellant was driving an automobile in the 800 block of Rigsby Avenue which was inside the limits of the city of San Antonio. This court will take judicial notice that San Antonio is in Bexar County, Texas. Bell v. State, 166 Tex, Cr. Rep. 340, 313 S.W. 2d 606.

Certain motion pictures taken of the automobile found on the roadside, and of appellant at the time he was overtaken on the road, were introduced in evidence over objection. The pictures admitted and those which the trial court rejected were exhibited to this court. We are unable to see any injury or prejudice in them. We have held that motion pictures taken of a defendant charged with being drunk at the time are admissible over objection that their introduction compelled the defendant to give evidence against himself. Housewright v. State, 154 Tex. Cr. R. 101, 225 S.W. 2d 417.

Appellant complains that he was not permitted to introduce in evidence certain records of his service in the United States Navy. The records rejected show that on July 15, 1943, he boarded U.S.S. Guest and while attached to the U.S.S. Guest operating in the Pacific War Theatre participated in five named campaigns, and was entitled to area campaign medals and operation or engagement stars.

The trial court permitted the introduction of appellant's honorable discharge from the Navy. We see no error in the exclusion of the records showing where the appellant served, and are cited to no authority which sustains appellant's contention to the contrary.

Complaint is made to the failure of the trial judge to specifically instruct the jury to not consider the remarks of the district attorney in his closing argument wherein he referred to the death of the deceased as an "execution," rather than a mistake or accident, as alleged in the indictment.

The court, in response to the objection, stated "The evidence, ladies and gentlemen, has been heard by yourselves; the statements of counsel are not evidence and you will not consider them as such for any purpose."

Appellant's counsel did not seek further instruction from the court but reserved his exception.

Under the facts and the court's ruling, we do not find the reference to the death of the deceased as an execution such error as to call for reversal. It is true that the state needed only to show that the death resulted from an accident. We do not understand, however, that a conviction could not be had under the indictment upon proof that the drunk driver voluntarily and with malice drove into a pedestrian and killed him.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.