Anthony B. DELGADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00240–CR.

Court of Appeals of Texas,
San Antonio.

March 27, 1985.

Lawrence L. Garcia, San Antonio, for appellant.

Sam Millsap, Jr., Kirk Sherman, Phylis West, Edward F. Shaughnessy, III, Criminal Dist. Attorney's Office, San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is a driving while intoxicated case which involves video taped evidence of a field sobriety test. The trial court, without jury, found appellant guilty as charged and assessed punishment at sixty (60) days confinement, a three hundred dollar fine and court costs. Appellant was placed on probation for a period of two (2) years.

Subsequent to his arrest on suspicion of DWI, appellant was videotaped while performing a field sobriety test which included touching his nose and walking a line. Appellant was required to submit to either a breathalizer test or the videotaped sobriety test. It is suggested that the consent, if any, to the test was not voluntary and that appellant did not waive his rights against self-incrimination. The trial court sustained appellant's objection to the audio portion of the videotape; only the video portion of the field sobriety test was admitted in evidence.

The two grounds of error will be addressed jointly. Appellant first complains that the video tape was erroneously admitted in evidence over objection and contrary to the provisions of TEX.CODE CRIM. PROC.ANN. art. 38.22 (Vernon Supp.1985). Secondly, he contends that the admission of such evidence violated his right against

self-incrimination guaranteed by the fifth amendment of the Constitution of the United States.

■ This offense occurred June 15, 1983, which is prior to the effective date of the amendments to TEX.REV.CIV.STAT.ANN. art. 6701*l* –1. Therefore, the video-tape amendment is not applicable. In *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Crim. App.1977), the court spelled out the necessary predicate for the introduction in evidence of sound recordings. This included the requirement that the testimony was elicited voluntarily and without any kind of inducement. However, in this case the sound recording containing the questioning of defendant by the police was excluded because the court sustained appellant's objection to its admissibility.

The rulings in other jurisdictions provide us with guidance as we address this issue. In *People v. Strozier*, 116 Misc.2d 103, 455 N.Y.S.2d 217, 219 (N.Y.Just.Ct.1982), the court held that the video tape of defendant taken shortly after his arrest for driving while intoxicated was essentially evidence that "spoke for itself" and was merely a mechanical reproduction of an observation made by an individual who witnessed actions of defendant at time of video taping. In *State v. Haefer*, 110 Wis.2d 381, 328 N.W.2d 894 (1982), it was determined that the defendant's fifth amendment rights were not abridged by the admission of a video tape made of defendant performing a field sobriety test. And in *State v. Finley*, 173 Mont. 162, 566 P.2d 1119, 1121 (1977), the recording of defendant's post arrest words and actions on audio-video tape without his consent or knowledge, and admission of the tape in evidence, did not violate the defendant's privilege against self-incrimination, his right to due process or his right to be secure from unreasonable searches and seizures.

On a related issue involving evidentiary use of a motorist's refusal to take a blood-alcohol test, the United States Supreme Court in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), decided that an accused drunk driver's "re-

fusal" to take a blood-alcohol test may be used against him at trial without violating the privilege against self-incrimination. The Court reasoned that the motorist's refusal involved no impermissible coercion on the part of the police or the State and is therefore not protected by the privilege. It was further held that the admission of "refusal" evidence is not subject to challenge on due process grounds even though the accused was not given proper warning. The Court suggested that State may actually force a suspected drunk driver to take a blood-alcohol test. The State's prohibition against self-incrimination is based on article I, section 10 of the Texas Constitution; it is similar to the privilege prescribed by the fifth amendment of the United States Constitution and provides a defendant with the same protection. *Olson v. State*, 484 S.W.2d 756, 762 (Tex.Crim.App. 1972).

■ The video tape in this case was nontestimonial, since the audio recording had been deleted. The privilege against self-incrimination guaranteed by both the federal and state constitutions extends only to testimonial communications from a defendant, not to real or physical evidence. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). In *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the Court said: "A mere handwriting exemplar, in contrast to the content of what is written, *like the voice or body itself, is an identifying physical characteristic*," (Emphasis added.) The taking of a handwriting sample did not violate the fifth amendment privilege against self-incrimination. Motion pictures of a defendant after arrest will be admissible if the person taking the film testifies that he made an examination of the film, and that there were no eliminations or insertions and that the film accurately reproduced the scene taken. *See* 62 A.L.R.2d 701. In *Housewright v. State*, 154 Tex.Cr.R. 101, 225 S.W.2d 417, 418 (1949), the defendant claimed his constitutional rights were violated when a motion picture was taken while he was under ar-

rest for driving while intoxicated. The court approved the admissibility of the motion picture in evidence, saying:

> Evidently the witness could delineate the peculiarities of appellant at the scene of the alleged offense and his demeanor and actions in order to give a basis of their opinion as to his intoxicated condition; and it seems to us to be but a clearer delineation of what they saw and described to the jury if such a scene could thus be shown by a series of pictures taken immediately after his apprehension instead of the eyewitness testifying only from memory.

> \* \* \* \* \* \*

> Of course, the pictures should be identified as correctly portraying the scene....

■ Thus, the admissibility ultimately depends on the testimony of the operator of the video camera. The witness Sherman testified that he videotaped appellant; that the video tape machine was operating properly; that the tape did not contain additions, deletions or changes; and that the tape clearly and accurately depicts the events during the video taping of appellant. We find no reversible error and therefore overrule appellant's two points of error.

The judgment of the trial court is affirmed.

CANTU, Justice, concurring.

I agree that the conviction should be affirmed but I would not paint with as broad a brush as the majority elects to do.

Appellant does not invoke Article I, Section 10 of the Texas Constitution and I would not unnecessarily burden the opinion with references to it.

As I understand the record, appellant was given the option of either submitting to an intoxilizer test or being video taped. Upon refusing the intoxilizer test appellant was taken into a special room equipped for video taping of persons suspected of being intoxicated.

While there appellant was read his *Miranda*[1] warnings and fully advised that he would be subjected to a sobriety test while being filmed. He was further advised that he did not have to participate in the test but if electing to do so, could terminate the test at any time. He was further advised that he would continue to be video taped in any event.

A viewing of the video tape included in the appellate record evidences appellant's willingness to voluntarily participate in the sobriety test. Moreover the video portion appears to conclusively establish *nothing* other than that appellant performed the required procedures without significant event. In my opinion the trial court's viewing of the video tape could not have influenced the court nor harmed appellant in any manner. The video display of appellant in itself, violates no privilege against self incrimination. *Carpenter v. State*, 169 Tex.Cr.R. 283, 333 S.W.2d 391 (1960); *Housewright v. State*, 154 Tex.Cr.R. 101, 225 S.W.2d 417 (1949); *see also Palmer v. State*, 604 P.2d 1106 (Alaska 1979); *State v. Strickland*, 276 N.C. 253, 173 S.E.2d 129 (1970); *State v. Fellows*, 47 Ohio App.2d 154, 352 N.E.2d 631 (1975).

Moreover the other testimonial evidence clearly sufficed to support the conviction independent of any reference to the video tape.

I concur in the affirmance.

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).