Carl Brett SHEPHARD, Appellant,

v.

The STATE of Texas, State.

No. 2–86–297–CR.

Court of Appeals of Texas, Fort Worth.

April 27, 1988.

---

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Chris Marshall, and Richard Bland, and Fred Cummings, and Cindy Singleton, Asst. Dist. Atty., Fort Worth, for State.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Carl Brett Shephard, was convicted by a jury of the offense of driving while intoxicated. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 (Vernon Supp. 1988). Punishment was assessed by the court at ninety days in jail, probated for two years. Appellant was also assessed a $250 fine plus court costs.

Appellant brings two points of error alleging the trial court erred in admitting certain evidence and in overruling appellant's motion to suppress.

We affirm.

On or about February 17, 1986, Officer Steve Hortman stopped appellant for speeding. The officer testified that appellant had very slurred speech and glassy eyes. Both Officer Hortman and assisting Officer Acock believed that appellant was intoxicated.

Appellant was read his rights and then transported to jail. Upon his arrival, appellant was taken into custody by Officer G. K. Sasser, who took him into the interview room. Appellant was videotaped by the police.

By his first point of error, appellant contends the trial court erred in admitting the video portion of the tape over the objection that it had been altered prior to viewing by the jury. During trial, the following took place:

BY MR. GILFEATHER:

Q Officer Sasser, since February 17, 1986, have you had an opportunity to view this tape?

A Yes, I have.

Q When did you view it, sir?

A Today.

Q Earlier this morning?

A Yes.

Q Now, does the tape fairly and accurately depict what went on that particular evening?

A Yes, it does.

Q Did you notice any problem with the tape?

A Yes, I did.

Q What problems did you notice?

A There's about thirty seconds of blank.

Q So at least during that period of time, it does not depict what went on; is that correct?

A That's correct.

Q Is there also some fuzziness in the tape?

A There is a slight fuzziness, but it does give a clear picture of the defendant and myself. It shows the time and date. Everything is clear.

MR. GILFEATHER: Your Honor, at this time, I would object to the intro-

duction of the tape. The officer has testified that it does not fairly and accurately depict the scene as it was on that particular evening.

THE COURT: The jury can go back to the jury room for just a minute, please.

(Whereupon, the jury retired to the jury room.)

(Whereupon, the following proceedings were had outside the presence of jury.)

THE COURT: What is it, thirty seconds of it is gone now?

THE WITNESS: Yeah. Apparently when Rennie plugged it in, somebody had pushed the record and play button. Which means as soon as the tape is turned on, it's recording for about fifteen to thirty seconds. It erased that little part there.

THE COURT: Since there is no sound, what difference does it make? We're keeping the sound out at your request—of all of it.

MR. CUMMINGS: Your Honor, perhaps defense counsel is not aware that we do have a different video tape recorder to play the tape. And the fuzziness such as we saw on the court recorder does not—is not represented on the tape when it's used on the other equipment.

THE COURT: Do they have the other whatever you call it—the TV—that shows it clearly now except for the thirty seconds?

THE WITNESS: I think the old heads were screwed up. I think it only plays properly on this machine.

MR. GILFEATHER: I understand that, Your Honor.

For the record, I haven't had an opportunity to view it in that condition. I would like an opportunity to view it in that condition.

THE COURT: OK. See if it materially affects.

(Brief pause in proceedings.)

 Article 6701*l*–1 note, Acts 1983, ch. 303 section 24, Texas Revised Civil Statutes, provides for visually recording the appearance of persons charged with DWI. The proper predicate for admissibility of a

sound recording requires: 1) a showing that the sound recording device was capable of taking testimony; 2) a showing that the operator of the device was competent; 3) establishment of the authenticity and correctness of the recording; 4) a showing that changes, additions, or deletions have not been made; 5) a showing of the manner of the preservation of the recording; 6) identification of the speakers; and 7) a showing that the testimony elicited was voluntarily made without any kind of inducement. *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Crim.App.1977); *McEntyre v. State*, 717 S.W.2d 140, 146 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). The same requirements have been applied to videotapes. *Roy v. State*, 608 S.W.2d 645, 649 (Tex.Crim.App. [Panel Op.] 1980); *Sims v. State*, 735 S.W.2d 913, 915 (Tex. App.—Dallas 1987, no pet.). The *Edwards* requirements do not mean that any alteration in a tape renders it per se inadmissible. If the alteration is accidental and is sufficiently explained so that its presence does not affect the reliability and trustworthiness of the evidence, the recording can still be admitted. *Quinones v. State*, 592 S.W. 2d 933, 944 (Tex.Crim.App.1980). In *Quinones*, the Texas Court of Criminal Appeals held that the trial court did not abuse its discretion in accepting the explanation that a 15 second tapeover was caused by an officer accidentally pressing the "record" button on the machine. *Quinones*, 592 S.W.2d at 938. In the case before us, Officer Sasser testified that 30 seconds of the tape was blank because the record and play buttons had been pushed prior to the machine being plugged in on the morning of trial. Sasser testified that he knew the erasure was inadvertent because he was present when it occurred. There was also slight "fuzziness" in the tape which was rectified when the first machine was replaced by a new one. The trial judge viewed the tape out of the presence of the jury, and ruled that the video portion of the tape was to be shown to the jury. The trial judge has broad discretion in admitting video-recordings. *See Jolly v. State*, 681 S.W. 2d 689, 696 (Tex.App.—Houston [14th

Dist.] 1984), *rev'd on other grounds,* 739 S.W.2d 345 (Tex.Crim.App.1987). We cannot say the trial court abused its discretion in admitting the video portion of the tape.

Appellant contends that the guidelines of articles 38.071 and 38.22 of the Texas Code of Criminal Procedure should be followed prior to admitting a videotape into evidence. Article 38.071, the statute authorizing the admission of a pre-trial videotaped interview of a child who is the victim of a sexual offense, was found unconstitutional as a deprivation of a defendant's right of confrontation. *Long v. State,* 742 S.W.2d 302 (Tex.Crim.App.1987). Further, the specific requirements of article 38.22 do not apply to a videotape taken in connection with a DWI charge pursuant to TEX.REV. CIV.STAT. ANN. art. 6701*l*–1. *Wagner v. State,* 720 S.W.2d 827, 829 (Tex.App.—Texarkana 1986, pet ref'd). Appellant's first point of error is overruled.

██ By his second point of error, appellant alleges the trial court erred in overruling appellant's motion to suppress the video portion of the tape. Specifically, he contends that once appellant invoked his right to counsel, all interrogation must cease. The trial court disallowed admission into evidence the audio portion of the tape because appellant requested counsel prior to the taping.

It is well settled that only evidence which testimonially incriminates a defendant is protected by the fifth amendment. *Schmerber v. California,* 384 U.S. 757, 765, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Evidence such as a person's voice, demeanor or physical characteristics is outside the scope of protection against self-incrimination. *Schmerber,* 384 U.S. at 764, 86 S.Ct. at 1832 *McCambridge v. State,* 712 S.W.2d 499, 503 (Tex.Crim.App.1986). A film merely displaying the physical characteristics of the accused is not testimonial, and may be used as proof that the accused was intoxicated at the time of arrest. *See Carpenter v. State,* 169 Tex.Cr.R. 283, 333 S.W.2d 391, 394 (1960); *Miffleton v. State,* 728 S.W.2d 880, 883 (Tex.App.—Austin 1987, no pet.). Thus, coordination tests are non-testimonial and admissible as evidence.

*Delgado v. State,* 691 S.W.2d 722, 723–24 (Tex.App.—San Antonio 1985, no pet.); *see also Housewright v. State,* 154 Tex.Cr.R. 101, 225 S.W.2d 417, 418 (1949). We hold that the trial court did not err in admitting the video portion of the tape into evidence. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.