## STATE OF FLORIDA v WENC
Case No. 87-46AC10 (Lower Court Case No. 86-31278MM10)

Seventeenth Judicial Circuit, Broward County

April 19, 1990

### APPEARANCES OF COUNSEL

**Christina L. Spuedeas, Esquire,** Assistant State Attorney, for plaintiff.

**Cary Kogen, Esquire,** for defendant.

### OPINION OF THE COURT

STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE having come before this Court upon Appellant's appeal of the Trial Court's Suppression of a video tape of the Appellee performing a field sobriety test, and the Court having received and

reviewed appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

FINDINGS OF FACTS:

1. On or about November 23, 1986 the Appellee, William Wenc, was arrested and later charged with driving under the influence contrary to Fla. Stat. § 316.193(1).

2. After the arrest the Appellee was transported to the Batmobile where community service aide Officer Eckinger administered a breathalyzer test and a field sobriety test which was recorded on video tape.

3. On March 10, 1987 the trial court excluded Officer Eckinger from testifying due to her repeated failure to attend scheduled depositions.

4. On April 17, 1987 the trial court suppressed the admission of the breathalyzer results due to the prior exclusion of Officer Eckinger.

5. On May 13, 1987 the trial court suppressed the evidence of the video tape on two separate grounds. First the trial court held that the introduction of the video constituted hearsay. Secondly, it found that the video's introduction violated the Appellee's Sixth Amendment right to confront his witnesses.

BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. Pursuant to Florida Statute Section 90.801 and 90.803 evidence which constitutes hearsay is not admissible unless it falls under one of the stated exceptions. Hearsay is evidence which is testimonial in nature.

B. Results of breathalyzer and field sobriety tests have been held to be non-testimonial evidence. *See, Schmerber v California,* 384 U.S. 747 (1969), *Bracklin v Boles,* 452 So.2d 540 (Fla. 1984). The results of a breathalyzer test, like speaking or writing for identification, photographs, fingerprints, or the physical appearance and gestures of a defendant, are physical evidence and are not testimonial. *State v Hoch,2rf 500 So.2d 597 (Fla. 3d DCA 1987).*

C. Florida Courts have not yet ruled on the admissibility or the testimonial nature of a video tape of a field sobriety test. However, our sister jurisdiction offer the Court guidance. Both Texas and New York have held that a video of a defendant performing a field sobriety test is non-testimonial evidence. *See, Delgado v State,* 691 S.W.2d 722 (Tex. Crim. App. 1985), *People v Strozier,* 455 N.Y.S. 2d 217 (N. Y. Just. Ct. 1982).

D. The sound on a video tape may be suppressed by the trial court

in instances where the defendant invoked his Fifth Amendment right or the officer did not give proper Miranda warnings. *Thompson v State,* 510 P.2d 311 (Colo. 1973). In instances were the contents of the audio contained admissions they would be testimonial in nature and clearly fall within the protection of the 5th amendment. *State v Rodafier,* 346 N.W. 2d 439 (S.D. 1984).

E. Pursuant to the Sixth Amendment " . . . the accused shall enjoy the right to . . . be confronted with the witnesses against him. . . ." Florida Evidence Code 90.604 provides that a witness may not testify to a matter unless evidence is introduced to support a finding that he has personal knowledge of the matter. Before evidence may be introduced the party must authenticate and identify the evidence.

F. Accordingly, this Court finds that the trial court erred in holding that the video tape constituted hearsay. The video was a non-testimonial piece of evidence which merely depicted the physical condition of the Appellee. On remand the trial court should make a factual determination as to whether the audio portion of the tape contains any statements of admission(s) which may be protected by the 5th amendment.

G. Additionally, the trial court erred in holding that the video's introduction violated the confrontation clause. The state should be allowed the opportunity to introduce the video at trial. If the State is able to produce a witness to authenticate and identify the video then the Appellee's right to confront a witness has not been violated. The trial court was premature in its finding. On remand the trial court should make a determination as to whether the state has a witness available to introduce the tape.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Suppression of the Evidence is hereby Reversed and Remanded in accordance with this opinion.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 19th day of April, 1990.