IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-045-CR





BILLY McCLURE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0923465, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of theft of property having a value of $200 or more
but less than $750. Tex. Penal Code Ann. § 31.03 (West 1989 & Supp. 1993). The district court
assessed punishment at incarceration for one year, but suspended imposition of sentence and
placed appellant on probation.

 Appellant was the editor of the Pflugerville Pflag newspaper. On the morning of
October 15, 1991, Casey Georg, an employee of the paper, discovered that two Macintosh
computers, a printer, and other items had been stolen during the night from the newspaper office. 
Police officers called to the scene found no signs of forced entry. Georg testified that when he
left work on October 14, appellant was the only person left in the building.

 In January 1992, appellant brought to the newspaper office a used Macintosh
computer he claimed to have recently purchased and offered to sell it to Georg. When Georg
turned this computer on, he noticed that the background screen displayed "little rows of camels." 
Georg recognized this pattern as one that had been designed by coworker Sean Merrill for use on
his computer, one of those stolen in October. Merrill also examined the computer and discovered
coffee stains on the keyboard like those that had been present on his computer. Believing that this
was one of the stolen computers, Georg and Merrill compared its serial number to those on the
list of stolen items appellant kept in his desk. The serial number did not appear on this list. Still
suspicious, Georg and Merrill called the police and the newspaper's insurer. They learned that
the serial number of the suspect computer did match that of one of the stolen computers as shown
in the police offense report and the insurance claim submitted by appellant on behalf of the paper. 
They also discovered a rental agreement showing that on October 14, appellant rented a storage
unit at a facility next door to the newspaper office.

 When confronted with this information by Georg and Merrill, appellant became
visibly nervous and told them that he had purchased the computer from a man named Mark
Blankenship. Appellant repeated this story to a police officer, adding that Blankenship was a
salesman at an Austin computer store. When questioned by the police, however, Blankenship
could not recall selling a computer to appellant and the store had no record of such a transaction. 
Appellant later changed his story, saying he purchased the computer from Mike Ramirez, 1727
Cricket Hollow, after seeing a classified advertisement. Appellant produced a written receipt
purportedly signed by Ramirez. But the residents of 1727 Cricket Hollow testified that they never
had a computer in their house, did not know appellant, and did not know a man named Mike
Ramirez or Rene Rendon. (1) A handwriting expert testified that the signature on the receipt did not
match Ramirez/Rendon's known signature.

 In points of error one and two, appellant contends that his right to counsel under
the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas
Constitution was violated when the State adduced evidence that he invoked his right to counsel
while being interviewed by a police officer. Deputy Sheriff Tommy Wooley testified that he
spoke to appellant in Wooley's office after the incriminating information was discovered, but
before appellant was arrested or charged with the offense. The deputy advised appellant of his
rights when the interview began. The deputy told appellant that he had investigated appellant's
stories regarding the purchase of the computer and that the officer "couldn't find any truth in what
he had been telling me." Appellant became "visibly shaken." Asked by the prosecutor if
appellant did anything else "at that point," the deputy testified that "[a]t that point in time
[appellant] requested his attorney and he left my office." Outside the presence of the jury,
appellant objected that "it is unconstitutional to tell a jury that the Defendant has claimed a right
to counsel." The objection was overruled and no further reference to this matter appears in the
record.

 At the time appellant indicated his desire to speak to an attorney, no formal charges
had been brought against him. Thus, his right to counsel under the Sixth Amendment and article
I, section 10 had not attached. Miffleton v. State, 777 S.W.2d 76, 78 (Tex. Crim. App. 1989). (2) 
But assuming that error is presented, we conclude that it was harmless. Tex. R. App. P. 81(b)(2). 
On its face, the prosecutor's question does not appear to have been calculated to adduce the
challenged testimony, a fact appellant conceded at trial. The prosecutor made no effort to exploit
the testimony and, given the highly incriminating circumstantial evidence, we think it unlikely that
any juror gave it significant weight. Harris v. State, 790 S.W.2d 568, 586-87 (Tex. Crim. App.
1989). Points of error one and two are overruled.

 Appellant's third and fourth points of error complain that the officer's reference
to his request for an attorney violated his right to due process and due course of law. U.S. Const.
Amend. XIV; Tex. Const. art. I, § 10. Appellant's brief contains no argument or citation of
authority specifically addressing this contention. For the reasons previously discussed, any error
was harmless. Points of error three and four are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: January 12, 1994

Do Not Publish

1.   It is apparent from the record that a Mike Ramirez, alias Rene Rendon, was known
to the police, but the record does not show how the police came to know him.
2.   The constitutional privilege against self-incrimination has been held to prohibit proof
of the defendant's request for counsel as evidence of guilt. Hardie v. State, 807 S.W.2d 319,
322 (Tex. Crim. App. 1991); Miffleton v. State, 728 S.W.2d 880, 884 (Tex. App.--Austin 1987),
aff'd, 777 S.W.2d 76 (Tex. Crim. App. 1989). Appellant does not make this argument, however. 
In any event, the privilege against self-incrimination arises at the moment of arrest. Sanchez v.
State, 707 S.W.2d 573, 579-80 (Tex. Crim. App. 1986). Appellant was not under arrest at the
time he indicated his desire to speak to counsel, as was demonstrated by his leaving Wooley's
office.