IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-491-CR





MICHAEL JOSEPH SAVALA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY 



NO. 89,840, HONORABLE R. L. BLANN, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Act of May 27, 1983,
68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stats. Ann. art.
6701l-1(b), since amended and codified at Tex. Penal Code Ann. § 49.06). The county court at
law assessed punishment, enhanced by a previous conviction for the same offense, at incarceration
for fifteen days and a $300 fine.

 Appellant was stopped for speeding by Department of Public Safety trooper Richard
Fernandez. Appellant got out of his car to speak to the officer, whereupon Fernandez noticed the
odor of alcoholic beverage and saw that appellant was unsteady on his feet. Fernandez asked
appellant to perform three field sobriety tests, which he failed. The officer then arrested appellant
for driving while intoxicated. This encounter between appellant and the officer was videotaped
by a camera mounted in the officer's patrol car. The videotape was admitted in evidence and
played for the jury.

 After appellant's unsuccessful attempt to perform the sobriety tests, Fernandez can
be heard on the videotape telling appellant, "It appears you've had too much to drink." Appellant
responds, "Yes, I have." In his first point of error, appellant contends this admission was
erroneously admitted in evidence because he had not been advised of his rights. Tex. Code Crim.
Proc. Ann. art. 38.22, § 3(a) (West Supp. 1994). 

 By its terms, section 3(a) applies only to statements that are made as a result of
custodial interrogation. "Interrogation" is not limited to express questioning, but includes any
words or actions on the part of the police that the police should know are reasonably likely to
elicit an incriminating response from the suspect. Rhode Island v. Innis, 446 U.S. 291, 301
(1980); Wortham v. State, 704 S.W.2d 586, 589 (Tex. App.--Austin 1986, no pet.). Article 38.22
does not preclude the admission of a voluntary statement or statement that is not the product of
custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 1979). Appellant
asserts that Fernandez's remark that appellant appeared to be intoxicated was calculated to elicit
an incriminating statement. Fernandez made the remark immediately before he told appellant he
was under arrest. The trial court could reasonably conclude that the statement was made, as
Fernandez testified, "so that [appellant] would understand where we stood at that particular time." 
The record supports the conclusion that appellant's admission was a voluntary statement and not
the product of custodial interrogation. Point of error one is overruled.

 Appellant's second point of error concerns another portion of the videotape. After
handcuffing appellant and placing him in the patrol car, Fernandez advised him of his rights and
asked if he understood them. Appellant did not respond. After a period of silence, the officer
asked appellant if he had been operating a vehicle. Appellant replied that he wanted to talk to a
lawyer. The officer then asked appellant if he wanted to answer any questions. Appellant said
that he did not. Appellant contends that it was error to permit the jury to hear appellant exercise
his right to remain silent and his right to assistance of counsel.

 The prosecution may not use at trial the fact that the defendant stood mute or
exercised his Fifth Amendment privilege. Miranda v. Arizona, 384 U.S. 436, 468 n.37 (1966). 
Similarly, evidence of one's invocation of the right to counsel is inadmissible as evidence of guilt. 
Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991); see also Miffleton v. State, 728
S.W.2d 880, 884 (Tex. App.--Austin 1987), aff'd, 777 S.W.2d 76 (Tex. Crim. App. 1989). 

 The record reflects that appellant objected to permitting the jury hear him invoke
his rights only after the relevant portion of the videotape had been played. Setting aside the
timeliness of the objections, appellant did not secure an adverse ruling on the objection with
respect to the right to counsel. Tex. R. App. P. 52(a). Insofar as this point of error complains
of the jury hearing him request counsel, nothing is presented for review.

 Appellant's unsteadiness and inability to perform the sobriety tests were apparent
on the videotape, and the jury also heard appellant admit on tape that he had too much to drink. 
Appellant testified that he had been drinking on the day in question but insisted that his physical
condition was the result of fatigue and a bad back. In essence, the credibility of appellant's
testimony was the sole issue at the guilt stage. The prosecutor made no mention during trial of
appellant exercising his right to remain silent following his arrest. Appellant did not raise this
issue in his motion for new trial and there is no evidence that the jury considered appellant's
silence on the videotape when deliberating. We conclude that allowing the jury to hear appellant
exercise his right to remain silent was harmless beyond a reasonable doubt. Tex. R. App. P.
81(b); Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). Point of error two is
overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 14, 1994

Do Not Publish