# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00708-CR

**Oscar T. Castillo, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
NO. 62,726, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Oscar T. Castillo of driving while intoxicated, second offense. Tex. Pen. Code Ann. §§ 49.04(a), .09(a) (West 2003). The court assessed his punishment at incarceration for one year and a $650 fine, but suspended imposition of sentence and placed him on community supervision. In his only point of error, appellant contends the court erred by overruling his objection to the introduction of a videotape made at the county jail following his arrest. We will overrule this contention and affirm the conviction.

On the night in question, appellant's car ran into another car that was stopped for a red light. Appellant was uncooperative with the emergency medical personnel called to the scene of the accident and later refused treatment at the hospital. He was then arrested for driving while intoxicated and transported to the jail. There, after booking, officers attempted to take him to the video room to conduct sobriety tests. On the videotape, appellant can be heard outside the room

saying, "I am not going to do any of your tests." The officers can be heard encouraging him to enter the video room and one tells him that he has no choice but to cooperate. Appellant entered the room with three officers, two of whom were holding his arms behind his back. He refused to stand in the spot indicated and after less than a minute, he was allowed to leave the room.[1]

Appellant contends the videotape was inadmissible in its entirety because his presence in the video room was physically coerced and involuntary. He argues that, under the circumstances, the introduction of the tape violated the constitutional guarantees against unreasonable searches and seizures and self-incrimination, and denied him due process and due course of law. *See* U.S. Const. amends. IV, V, XIV; Tex. Const. art. I, §§ 9, 10, 19.

Appellant relies on the opinion in *Mendoza v. State*, 804 S.W.2d 954 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). In that case, the defendant moved to suppress an intoxilyzer test result and a videotape showing her performing physical sobriety tests at the police station on the ground that the tests were involuntary. *Id*. at 955. The trial court agreed with the defendant as to the intoxilyzer, but found that the evidence did not support her claim that the physical tests had been coerced and overruled the motion to suppress the videotape. *Id*. at 956. The court of appeals affirmed. *Id*. Appellant infers from *Mendoza* that a defendant arrested for driving while intoxicated cannot be videotaped without his consent, and that a videotape made involuntarily is inadmissible in evidence.

---

[1] On the copy of the videotape introduced in evidence and shown to the jury, the audio ends before appellant leaves the room. The record reflects that this was the moment when appellant asked to speak to an attorney.

2

The defendant in *Mendoza* argued that she had been forced to perform the "video skills tests" and therefore that portion of the videotape was inadmissible. *Id*. Even if we were willing to read *Mendoza* as implicitly holding that involuntary physical sobriety tests are inadmissible, which we are not, it would not benefit appellant. Appellant declined to perform any sobriety tests. *Mendoza* does not even implicitly support appellant's contention that all involuntary videotaping of a DWI arrestee is unlawful.

The implied consent law provides that, as a general rule, a specimen of a person's blood or breath may not be taken involuntarily. Tex. Transp. Code Ann. § 724.013 (West 1999); *see Sandoval v. State*, 17 S.W.3d 792, 795 (Tex. App.—Austin 2000, pet. ref'd). As appellant concedes, there is no comparable statutory rule with regard to videotaping persons arrested for driving while intoxicated. The statute requiring counties to provide for the videotaping of DWI suspects does not speak to that question. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 24, 1983 Tex. Gen. Laws 1568, 1605.

Appellant further argues that by videotaping him against his will, the police forced him to incriminate himself. He equates videotaping a DWI suspect with custodial interrogation. It has been held, however, that police requests that a suspect perform sobriety tests and directions on how to do the tests do not constitute custodial interrogation. *Mann v. State*, 13 S.W.3d 89, 93 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001). Moreover, a visual depiction of a defendant performing sobriety tests does not constitute "testimony" within the meaning of either the Fifth Amendment or article I, section 10. *Miffleton v. State*, 777 S.W.2d 76, 80-81 (Tex. Crim. App. 1989). Appellant was not, therefore, unconstitutionally compelled to incriminate himself.

3

Appellant does not offer any argument to support his claim that the videotape was the product of an unlawful search or seizure. Appellant does not complain that his arrest was unlawful. We are not persuaded that videotaping appellant at the jail following his DWI arrest violated any reasonable expectation of privacy.

There is no evidence in the record that the videotape of appellant at the county jail was the product of force or coercion exceeding that normally attendant to custodial arrest. Appellant suggests no basis for concluding that the conduct of the police in this cause violated his due process or due course of law rights, and we find none in the record.

The trial court did not err by overruling appellant's objection to the introduction of the videotape. The point of error is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 29, 2003

Do Not Publish

4