# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00441-CR

**Kristen C. Pealer, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY**
**NO. C-1-CR-09-214324, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Kristen C. Pealer guilty of driving while intoxicated, and the trial court assessed her punishment at 120 days in jail and a $2000 fine, probated. *See* Tex. Penal Code Ann. § 49.04 (West 2003). Appellant contends that the trial court erred by overruling her motion to suppress evidence. We overrule this contention and affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost complete

deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

Appellant, who was alone in her car, was stopped for speeding at 12:45 a.m. on August 13, 2009 by Austin Police Officer Richard Mabe. The propriety of this stop is not in question. Mabe, the only witness at the suppression hearing and at the trial, testified that he noticed a strong odor of alcoholic beverage as he approached appellant's car. Appellant told Mabe that she had consumed two beers since 9:00 that night.

Mabe ordered appellant out of her car and administered the three standard field sobriety tests. Mabe testified that he observed all six indicators of intoxication during the horizontal gaze nystagmus (HGN) test and all eight indicators during the walk-and-turn test. On the other hand, he saw only one of the four possible indicators during the one-leg-stand test. In a fourth test, Mabe asked appellant to stand with her head tilted back and her eyes closed and estimate the passage of thirty seconds. Appellant stood this way for almost one minute, during which she noticeably swayed. Mabe testified that while administering these tests, he noticed that appellant's eyes were bloodshot and that she had a strong alcoholic beverage odor on her breath.

After administering the four tests, Mabe instructed appellant to walk over to his patrol vehicle and stand in such a way as to permit him to get a close-up of her eyes on his video unit. He then administered the HGN test a second time, admittedly for the purpose of making a record of appellant's performance. Then, at 1:10 a.m., Mabe told appellant that she was under arrest, handcuffed her, and placed her in his patrol vehicle. He advised appellant of her statutory rights and requested a breath or blood sample. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2010). She

2

refused to give a sample. Mabe then drove appellant to a mobile DWI unit about one mile from where she had been stopped.

The entire encounter between appellant and Mabe, from the time she was stopped until she was taken out of the patrol car at the mobile unit, was video recorded. The video was introduced in evidence and is part of the appellate record. Our recitation of the facts is based on Mabe's testimony and our review of the video.

Appellant makes two arguments. First, she asserts that the trial court should have suppressed "any and all evidence" obtained after she was placed in custody because she was not advised of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Second, appellant urges that the court should have suppressed "any and all post-arrest evidence," again because she was not advised of her *Miranda* rights. These arguments fail because appellant was not in custody prior to her arrest, and because she was not interrogated after her arrest.

Statements made by a defendant during custodial interrogation are inadmissible unless the defendant was first advised of her Fifth Amendment rights, including the right to remain silent and the right to counsel. *Id*. at 467-75. The term custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way. *Id*. at 444. A person is in custody if, under the circumstances, a reasonable person would believe that her freedom of movement was restrained to the degree associated with a formal arrest. *Douthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).

3

Generally speaking, a driver detained following a traffic stop is not in custody for the purposes of the Fifth Amendment and *Miranda*. *Berkemer v. McCarty*, 468 U.S. 420, 439-40 (1984); *State v. Stevenson*, 958 S.W.2d 824, 828 (Tex. Crim. App. 1997). In *Berkemer*, the defendant driver was stopped after he was seen weaving in and out of his lane, and he subsequently failed a field sobriety test. 468 U.S. at 423. The defendant thereafter told the detaining officer, in response to questioning, that he had consumed two beers and smoked marihuana. *Id*. The Supreme Court held that these incriminating statements were not the product of custodial interrogation. *Id*. at 441-42. The Court concluded that the defendant had not been placed in custody until he was formally arrested after making the incriminating statements. *Id*.

In the present case, appellant was the focus of a DWI investigation almost from the moment she was stopped by Mabe. That factor alone, however, means only that she was subjected to an investigatory detention; it does not raise that detention to the level of a custodial arrest. *See Stevenson*, 958 S.W.2d at 829. Appellant was neither frisked nor handcuffed before the field sobriety tests were administered. The tests were administered on the public sidewalk beside appellant's stopped car, and they took approximately twenty-five minutes to complete. These circumstances are analogous to those in *Berkemer*. We hold that under the circumstances in which appellant found herself, a reasonable person would not believe that her freedom of movement had been restrained to the degree associated with a formal arrest while she performed the field sobriety tests.

Moreover, appellant's assertion that a *Miranda* violation requires the suppression of "any and all evidence" is incorrect. *Miranda* warnings must precede custodial interrogation.

4

384 U.S. at 467-75. Even if appellant's detention had escalated into a custodial arrest by the time the field tests were administered, as she contends, a video recording of a DWI suspect performing sobriety tests is not testimonial evidence under the Fifth Amendment. *Miffleton v. State*, 777 S.W.2d 76, 80 (Tex. Crim. App. 1989). Further, an officer's request that the suspect perform the tests and his instructions regarding how the suspect is to perform the tests do not constitute interrogation. *Jones v. State*, 795 S.W.2d 171, 176 (Tex. Crim. App. 1990). Viewing the evidence in the light most favorable to the ruling, the trial court did not err by refusing to suppress that portion of the video preceding appellant's formal arrest.

Appellant was not advised of her *Miranda* rights following her arrest. This does not mean, however, that the trial court should have suppressed that portion of the video. Appellant's appearance as she sat in Mabe's patrol car was not testimonial evidence. Moreover, the record reflects that Mabe did not question appellant after arresting her. Mabe told appellant that she was under arrest, placed her in the patrol car, read the transportation code warnings, and requested a specimen. From that point on, Mabe asked no questions of appellant, and what few statements appellant made were volunteered.[1] It is clear from the record that these statements were not the product of custodial interrogation. Viewing the evidence in the light most favorable to the ruling, the trial court did not err by refusing to suppress that portion of the video following appellant's formal arrest.

---

[1] Appellant asked to retake the field tests, said she was "not too drunk," and expressed the opinion that Mabe was "wasting [his] time" because "[t]here are so many more hard core criminals in this world than me."

5

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   April 19, 2011

Do Not Publish