Jennifer Floretta GORDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1044–87.

Court of Criminal Appeals of Texas.

Feb. 7, 1990.

Catherine Greene Burnett, court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and John Petruzzi, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for state.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of the offense of murder. V.T.C.A., Penal Code, Sec. 19.01. The jury assessed punishment at forty years confinement in the Texas Department of Corrections. The Houston Court of Appeals affirmed the conviction, concluding it was not error to admit a videotape of the murder scene. *Gordon v. State,* 735 S.W.2d 510 (Tex.App.—Houston [1st Dist.] 1987). We granted appellant's petition for discretionary review to determine whether admissibility of a videotape, including close-up footage of the victim, should be governed by the still photo admissibility standard set out in *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972),[1] and *Thomas v. State,* 701 S.W.2d 653 (Tex.Cr.App.1985).

The State, during its case in chief, offered into evidence a silent video depicting the murder scene. The video recording was made by an officer dispatched to process the crime scene for evidence. After conducting a preliminary survey throughout the house, the officer took still photographs and made a video recording of the

---

1. In *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr. App.1977), we overruled that part of the opinion in *Martin* which adhered to the rule that no appeal lies from a judgment rendered in a preliminary trial on the issue of insanity. That holding does not affect the issue at bar.

scene before collecting any physical evidence. Appellant objected to the admission of the videotape at trial, complaining that the video's content was prejudicial and inflammatory. The trial court overruled appellant's objection and the videotape was admitted.

On direct appeal appellant complained that she was denied a fair trial by the introduction of the inflammatory videotape. Concluding the video had substantial probative value, the appeals court found the trial court did not abuse its discretion by admitting the tape into evidence. After viewing the videotape, we agree with the Court of Appeals and affirm the conviction.

█ Appellant asks this Court to fashion a new rule for the admissibility of videotapes. She argues, "as technology becomes more accessible to law enforcement groups, the use of videotapes to capture a scene will increase." Appellant does not advocate video recordings be banned all together; rather, she insists the standard set out in *Martin,* supra, is outdated because our methods of recordation have surpassed still-shot photography.

In *Martin,* supra, this Court adopted the following test for the admission of "gruesome" photographs:

> We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and scene would be admissible, a photograph depicting the same is admissible.... There will be cases where the probative value of the photographs is very slight and the inflammatory aspects great; in such cases it would be an abuse of discretion to admit the same.

*Martin,* 475 S.W.2d at 267.

The pictures complained of in *Martin,* supra, were four black and white photographs. Two of the pictures showed the living room of appellant's home as it appeared shortly after the crime, including blood on the furniture and floor. Another depicted the deceased on the ground where she fell. The fourth was a close-up showing bullet holes and coagulated blood on the deceased's face and clothing. We found the trial court did not abuse its discretion in admitting the photographs into evidence. *See also Thomas v. State,* supra. [Photographs depicting crime scene, body of the deceased and cement blocks tied to body more probative than prejudicial and properly admitted after predicate met.]

Since *Martin* and *Thomas,* both supra, this Court has had the opportunity to examine the admissibility of motion pictures at trial. In *Marras v. State,* 741 S.W.2d 395 (Tex.Cr.App.1987), the appellant objected to the admission of a silent videotape chronicling a re-enactment of events testified to by a witness for the prosecution. Judge Campbell, writing for the Court, stated:

> The videotape complained of herein has been reviewed by this Court and contains no audio portion, only video, i.e., motion pictures. Motion pictures are just a collection of photographs and the rules surrounding admission are the same as those for still photographs. *Housewright v. State,* 154 Tex.Cr.R. 101, 225 S.W.2d 417 (1949). Motion pictures are admissible when they are properly authenticated, relevant to an issue, and not violative of the rules of evidence for the admissibility of photographs. *Lopez v. State,* 630 S.W.2d 936 (Tex.Cr.App.1982). When a verbal description of a scene is admissible, a photograph or video recording of the scene would also be admissible. *Wilkerson v. State,* 726 S.W.2d 542, 547 (Tex.Cr.App.1986); *see Burdine v. State,* 719 S.W.2d 309, 316 (Tex.Cr.App. 1986). The trial judge has broad discretion in admitting video recordings and his action will not be disturbed absent an abuse of that discretion. *See Burdine,* 719 S.W.2d at 316.

*Marras v. State,* 741 S.W.2d at 404.

More recently, in *Huffman v. State,* 746 S.W.2d 212 (Tex.Cr.App.1988), a silent video depicting the defendant after his arrest was introduced into evidence. We determined the proper standard of admissibility

for a silent motion picture is different from the audio-visual standard enunciated in *Edwards v. State*, 551 S.W.2d 731 (Tex.Cr.App.1977),[2] and concluded:

> Since the exhibit in the instant case was the visual portion of a videotape only, a silent motion picture, we conclude the rules relaying (sic) to admission of ordinary photographs are applicable. In view of the witnesses that (sic) testified the scenes depicted were true and accurate representatives of the scenes they witnessed, and since the same were relevant to the issues, we find no error in the admission of the exhibit.

*Huffman*, 746 S.W.2d at 222.

From the above, it is clear that this Court has consistently analyzed the question of video admissibility using the still photo standard of *Martin*, supra.[3] Like still photographs, motion pictures may be admitted into evidence where they are properly authenticated, relevant to the issues and not violative of the rules established for the admissibility of photographs. *Wilkerson v. State*, 461 S.W.2d 614 (Tex.Cr.App.1970). *See also Cotlar v. State*, 558 S.W.2d 16 (Tex.Cr.App.1977); and *Housewright v. State*, 225 S.W.2d 417 (Tex.Cr.App.1950).

■ The videotape complained of herein is part of the appellate record. It is approximately ten minutes in length and contains no audio. It depicts various parts of the deceased's home, the scene of the murder, shortly after the crime. Approximately half the tape captures the victim's body.

The tape, which appellant describes as "obscene," offers in detail the location, nature, and extent of the victim's wounds, the locations of blood in the bedroom and bathroom, disarray of furniture within those rooms, position of the body and the general atmosphere surrounding the crime. In addition, the tape captures close-up footage of the body from various positions and angles reflecting the burns on the decedent's face caused by the scalding grease that had been poured over her, and the bloody gaping knife wounds to her neck and back. This close-up footage is no different from the illustrative still photos taken at the scene of a crime and later admitted into evidence. The scenes depicted on the tape contained material which was the subject of testimony presented during the State's case in chief. *See Thomas*, supra.

The videotape here is highly probative of the fact and manner of the decedent's death and the killer's culpable mental state. *Burdine v. State*, 719 S.W.2d 309, (Tex.Cr.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).

Video recordings in general may be more helpful to a jury than still photographs. While still photographs offer to the jury an isolated and fixed content, a video recording allows a more panoramic representation of the physical and forensic evidence. This not to say that any such videotape is per se admissible; a decision must be made by the trial court after viewing the tape, whether the probative value of the video is substantial or slight, and in the latter case whether the proffer is made solely to unfairly prejudice or mislead the the jury or confuse the issues in the case. See Tex.R.Crim.Evid. 403.[4]

---

2. In *Edwards*, supra, this Court adopted a seven-prong test for the admission of sound recording which has been outlined as follows: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and the correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement. For the purposes of proper authentication of audio recordings in trials taking place on or after September 1, 1986, *see now* Tex.R.Crim.

Evid. 901. *Wallace v. State*, 782 S.W.2d 854 (Tex.Cr.App.1989).

3. Effective September 1, 1986 the Tex.R.Crim. Evid. 1001(2) specifically includes videotapes within the definition of "photographs".

4. Tex.R.Crim.Evid. 403, effective in cases tried on or after September 1, 1986, states:

> Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence.

We conclude, after viewing the videotape in its entirety, that it has substantial probative value and could have aided the jury in better understanding testimony offered during the trial. We further conclude the probative value of the tape is not substantially outweighed by any prejudicial effect the video may have had upon the minds of the jurors in the case. We agree with the Court of Appeals that the trial court did not abuse its discretion by admitting the videotape of the crime scene, including the close-up footage, into evidence.

For the reasons stated above, we decline appellant's invitation to fashion a new rule governing the admissibility of "gruesome pictures" merely because they are recorded on electromagnetic-tape instead of developing paper.

TEAGUE, J. votes to overrule *Martin* and return the law to pre-*Martin*, see *Burns v. State*, 388 S.W.2d 690 (Tex.Cr.App.1965), days. Therefore, he dissents.

DUNCAN, J., concurs in the result.