State v. Wilson-P 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-232-CR

     THE STATE OF TEXAS,
                                                                                              Appellant
     v.

     PAUL WILSON,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 92-10-06436-CR
                                                                                                    

O P I N I O N
                                                                                                    

      The State appeals from an order suppressing all evidence, including some 180 mature
marihuana plants, seized during a search of Paul Wilson's farm.


 Finding that the suppressed
evidence was all that supported the State's case against Wilson, the court also ordered the
prosecution dismissed. In the first of three points of error, the State argues that the court erred
because the marihuana plants were observed in plain view by officers in a helicopter and, thus,
were suspectable to seizure under the "open fields" doctrine. In its second and third points, the
State claims that the court erred in suppressing statements Wilson made and evidence discovered
during a guided tour of his property he conducted for the officers. We will affirm the court's
ruling.
      On September 7, 1992, an anonymous caller informed the Falls County Sheriff's Department
that he had observed marihuana growing near a residence in the county. Deputy Sheriff Ben Kirk
went to the residence, where he saw Wilson on the premises and, from neighbors, determined
Wilson's name and that he was the owner of the property. Kirk swore to an affidavit drafted by
the district attorney's office, claiming probable cause to search the property based on information
from "an anonymous telephone caller about a possible cache of marihuana plants." A Justice of
the Peace issued a search warrant authorizing the search of Wilson's property for the suspected
marihuana plants. 
      The day after obtaining the search warrant, Kirk and Sheriff Larry Pamplin "borrowed" a
Department of Public Safety helicopter, piloted by Troopers Billy Peace and John Foster, to fly
over Wilson's property. According to Kirk and Foster, the marihuana was "very visible" from
the air. After observing the marihuana, they called in officers in cars and landed the helicopter
on Wilson's farm. They arrested Wilson, searched the house, barn, and surrounding farm land,
and confiscated the marihuana plants, as well as dried marihuana ready for use.
      Wilson moved to suppress all of the seized evidence on the theory that the search warrant was
invalid because it was issued based on uncorroborated information from an anonymous informant. 
See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The court agreed
with his argument and found that the search warrant was invalid. The court granted the motion
to suppress and dismissed the State's prosecution. 
      The State does not challenge the court's conclusion that the warrant was invalid. Rather, it
argues that the court should have upheld the search on the grounds that the marihuana was not in
an area in which Wilson could claim an objectively reasonable expectation of privacy. See Florida
v. Riley, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989); Oliver v. United States, 466 U.S.
170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). The State frames the question in this appeal as
"whether evidence of growing marijuana in an ‛open field' can be suppressed, where it was
observed subsequent to the issuance of an invalid warrant, but prior to the actual entrance onto the
premises to be searched and prior to the arrest of the Defendant." 
      "[T]he actual procuring of a warrant does not preclude the use of exigent circumstances to
justify a search should the warrant fail." Adkins v. State, 717 S.W.2d 363, 365 (Tex. Crim. App.
1986). When the warrant is determined to be invalid, the search is reviewed to determine if it can
be upheld under an exception to the warrant requirement. Id. at 365-66. However, because the
search is examined as a warrantless search, the state bears the burden of justifying the intrusion. 
See Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986). 
      At the conclusion of the hearing, the following occurred:
[The State]:Your Honor, at this time the State rests and renews it's offer of the
exhibits, and so forth.
[The Defense]:I would make my argument in brief if we can submit something by
Monday.
THE COURT:I have two cases that -- well, several cases that you have submitted, Illinois
vs Gates and Florida vs. --
[The State]:I have a bunch of them in my --
[The Defense]:Florida vs Riley is the State's case, Your Honor. I plan to summarize
mine. I think [the prosecuting attorney] mentioned he would do the same. If we could
have until Monday to do that, I would appreciate it.
THE COURT:Monday will be fine.
[The State]:Would it be possible to have until Tuesday?
THE COURT:Tuesday, certainly. We will close the record.
According to the Court's letter announcing its ruling, it considered the parties' briefs prior to
making its ruling. However, neither brief appears in the record before us. 
      Generally, to preserve an argument for our consideration, the theory must first be presented
to the trial court. See Tex. R. App. P. 52(a); Marin v. State, 851 S.W.2d 275 (Tex. Crim. App.
1993). Unless the grounds are clear from the context, a party is required to specifically raise its
claim in the trial court. See Tex. R. App. P. 52(a); Lankston v. State, 827 S.W.2d 907, 908-09
(Tex. Crim. App. 1992). An objection or motion based on one ground cannot be used to support
a different legal theory on appeal. Cook v. State, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993). 
As the appellant, the State is held to these requirements. See Sedani v. State, 848 S.W.2d 314,
320 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (on rehearing); State v. Nolan, 808 S.W.2d
556, 559 (Tex. App.—Austin 1991, no pet.).
      Because the State's trial brief was not filed, the only argument we have of record is the
reference to Riley.


 See Riley, 488 U.S. at 445, 109 S.Ct. at 693. No other argument is clearly
raised by the context of the statement of facts from the suppression hearing. Thus, we will
examine the application of Riley to the facts of this cause to determine if the court's ruling is
erroneous.
      After an anonymous tip that marihuana was being grown on Riley's property, the police
inspected the premises from a helicopter. See id. 488 U.S. at 448, 109 S.Ct. at 696. The officer
saw what he thought was marihuana in a greenhouse behind Riley's residence. Id. Based on his
observations, the officer obtained a search warrant. Id. 488 U.S. at 448-49, 109 S.Ct. at 696. 
When the warrant was executed, marihuana was found on the property and Riley was charged with
its possession. Id. 488 U.S. at 449, 109 S.Ct. at 696. Riley successfully moved to have the
evidence suppressed, but the Supreme Court reversed the Florida courts, ruling that "the
inspection was not a search subject to the Fourth Amendment." See id. (applying California v.
Ciraolo, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986)). 
      Applying that holding here, because observations from aircraft flying over private property
are not searches in the constitutional sense, the officers had the right to use the D.P.S. helicopter
to confirm the anonymous tip alerting them to the marihuana. See id. However, the State must
still justify the warrantless intrusion onto the farm to seize the marihuana. See McNairy v. State,
835 S.W.2d 101, 106 (Tex. Crim. App. 1991); Moss v. State, 878 S.W.2d 632, 641 (Tex.
App.—San Antonio 1994, pet. ref'd). Nothing in Riley alters this basic constitutional requirement. 

      The State did not present an argument to the court, on the record, justifying its warrantless
intrusion onto the farm after the officers acquired probable cause based on their observations from
the helicopter. When reviewing a ruling on a motion to suppress, we do not engage in a factual
determination ourselves; rather, we determine if the court's findings are supported by the record. 
See Banda v. State, 890 S.W.2d 42, 51-52 (Tex. Crim. App. 1994); Johnson v. State, 803 S.W.2d
272, 287 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d
1078 (1991). If those findings are supported by the record, we consider only if the court abused
its discretion applying the law. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). Because the State failed to argue to the court any exceptions to the warrant requirement
that would justify this intrusion, we conclude that it cannot show that the court abused its
discretion in applying the law to the facts. See Tex. R. App. P. 52(a); Sedani, 848 S.W.2d at 320;
Nolan, 808 S.W.2d at 559. That is to say, we conclude that the State cannot show that the court
abused its discretion by failing to deny the defendant's motion to suppress based on an unargued
legal theory. See id. Thus, we overrule point one. 
      In points two and three, the State argues that the court erred in suppressing Wilson's
statements and evidence gathered during a tour of his property. When the officers exited the
helicopter on Wilson's farm, they saw Wilson coming out of his barn. Pamplin called Wilson by
name and, after Wilson came over, advised him of his rights. See Miranda v. Arizona, 384 U.S.
436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a)
(Vernon 1979). After showing Wilson the search and arrest warrant, Pamplin asked him if he was
growing marihuana on the property and Wilson responded that, "You've already seen it, you know
what's here." Wilson then showed the officers the plants and took them into the house and barn
where he showed them caches of dried marihuana. Much of the tour was recorded by Kirk on a
sheriff's office video camera and also by a KWTX-TV cameraman. By points two and three, the
State complains that the court improperly suppressed Wilson's response to Pamplin's question, the
evidence gathered during the guided tour of the property conducted by Wilson, the sheriff's office
videotape, and the KWTX-TV videotape.
      The State now argues that the statements and the evidence are the products of voluntary acts
by Wilson and are sufficiently attenuated from the warrantless intrusion to be admissible. See
Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Miller v. State, 736
S.W.2d 643, 649-51 (Tex. Crim. App. 1987). Additionally, the State argues that videotape of the
tour and footage taken from the helicopter after Wilson's arrest are admissible as photographic
depictions of the officers' testimony describing the events. See Gordon v. State, 784 S.W.2d 410
(Tex. Crim. App. 1990). Again, however, the State is unable to demonstrate on the record that
it raised these arguments before the trial court. See Tex. R. App. P. 52(a); Sedani, 848 S.W.2d
at 320; Nolan, 808 S.W.2d at 559. Thus, it cannot show that the court abused its discretion in
granting Wilson's motion to suppress the statements and other evidence. Points two and three are
overruled.
      The court's order is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 12, 1995
Do not publish