Montgomery-VR v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-139-CR

        VICTOR RESHAY MONTGOMERY,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 30,566
                                                                                                    

O P I N I O N
                                                                                                    

          A jury convicted Victor Reshay Montgomery of burglary of a building. Tex. Penal Code
Ann. § 30.02 (Vernon 1994 & Supp. 1997). He appeals, arguing that the trial court abused its
discretion when it excluded parts of Montgomery's videotape. We will affirm. 
          On December 30, 1995, Barbara Saucedo watched two men approach Edward E. Worth's
garage. One of the men forced the garage door open and entered the garage. The man exited
carrying some boxes. Saucedo called the Hillsboro police who immediately apprehended the men
in a field behind the garage. When the police arrested them, they were in possession of a box
containing a cordless screwdriver, a rachet set, and several other items. The police later
discovered that Worth owned these items. Montgomery was indicted for burglary of a building. 
          During trial, Montgomery's attorney, through Saucedo as the witness, attempted to
introduce a videotape depicting the view from Saucedo's back door, which was where she was
standing when she observed the burglary. The State objected arguing that the videotape did not
accurately depict what Saucedo observed on December 30, 1995. Not only was the videotape not
filmed from the same vantage point as Saucedo when she saw the burglary, but the trees contained
foliage which was not present on December 30, 1995. The court sustained the State's objection. 
Although the court excluded the portion of the tape depicting the view from Saucedo's back door,
the court admitted the rest of the videotape for the limited purpose of showing the height and
location of the surrounding buildings. 
          Montgomery complains in his sole point of error that the court erred in excluding the part
of the videotape depicting the view from Saucedo's back door. Unless there is a showing of an
abuse of discretion, we will not disturb the trial court's decision to admit or exclude evidence. 
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); Burke v. State, 930 S.W.2d
230, 235 (Tex. App.—Houston [14 Dist.] 1996, pet ref'd). Videotapes may be admitted into
evidence if they are properly authenticated and relevant to the issues. Gordon v. State, 784
S.W.2d 410, 412 (Tex. Crim. App. 1990); see also Kephart v. State, 875 S.W.2d 319, 322 (Tex.
Crim. App. 1994). In order to properly authenticate a videotape, the proponent of the evidence
must demonstrate that the videotape accurately represents the event or scene at the time it
occurred. Kephart, 875 S.W.2d at 322-23. 
          Having reviewed the record, we conclude that the court did not abuse its discretion in
excluding this part of the videotape. When it was offered outside the presence of the jury,
Saucedo testified that the view from her back door was much higher than the view depicted by the
videotape. She further testified that there was no foliage on the trees on December 30. Based on
this testimony, the court sustained the State's objection to the videotape because it did not fairly
and accurately represent the scene. Montgomery did not present any further evidence to show that
this videotape was an accurate depiction of the scene at the time of the burglary. Because
Montgomery did not properly authenticate the videotape, the trial court did not err in excluding
this portion of the videotape. We overrule Montgomery's point and affirm the judgment. 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 5, 1997
Do not publish
           



                                                                              FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 22, 1998
Do not publish