IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00114-CR

No. 10-07-00177-CR

 

Esequiel Perez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court Nos. Fam-06-18502 and
Fam-06-18503

 



MEMORANDUM  Opinion










 

            After pleading guilty to the jury,
Esequiel Perez was convicted of Aggravated Assault with a deadly weapon (No.
10-07-00177-CR) and Assault of a Public Servant (No. 10-07-00114-CR).  He was
sentenced to 3 years in prison and a fine of $3,000 on the charge of aggravated
assault, and was sentenced to 5 years in prison and placed on community
supervision for 10 years on the charge of assault of a public servant.  Perez
appealed both convictions.  Because there was no error by the trial court in
admitting a videotape into evidence during the punishment phase of both
offenses showing Perez committing the assault on a public servant, the trial
court’s judgments in both appeals are affirmed.

            Perez came home one night, after
drinking beer all day, and began beating his girlfriend, Sonia Useda.  He also
put a knife to her neck.  Useda escaped during the beating and ran outside
screaming.  Perez caught up with her and continued beating her in the middle of
the street.  Gatesville police officer Chad Thompson happened upon the scene. 
Useda ran toward the officer, her shirt covered in blood.  Thompson then tried
to detain Perez who began struggling with Thompson.  Thompson received “road
rash” on his knee, arm, and hip as a result of the struggle.  

            The struggle with the officer was
captured on the officer’s in car video system.  Over Perez’s Rule 403
objection, the video tape was offered into evidence at punishment. 
Specifically, counsel objected to the admission of the video because “he’s
[Perez] freely admitted to doing what they said he did.  The video is just
going to be unfairly duplicative.  It’s just going to unfairly bolster the
testimony of the victim and the police officer.”  The trial court overruled
Perez’s objection.  In conducting its balancing test, the trial court held,
“The Court did do the balancing test required under 403.  The Court considers
it, since the issue of punishment is before the jury, that the tape is
probative with regard to appropriate punishment for the offense and is not
substantially more prejudicial than it is probative.”  

            Perez’s sole issue is that the trial
court erred in overruling his objection to the introduction of the video tape
because it presented needless cumulative evidence.  Perez specifically argues
that the video tape was cumulative because he pled guilty to the offence and
its admission was for the purpose of obtaining a greater sentence.  

            On appellate review, a trial court's
admission or exclusion of evidence is subject to an abuse of discretion
standard.  Sells v. State, 121 S.W.3d 748, 766 (Tex. Crim. App. 2003). 
If the trial court's decision was within the bounds of reasonable disagreement
we will not disturb its ruling.  Id.  

            Regardless of the plea, evidence may
be offered by the State and the defendant as to any matter the court deems
relevant to sentencing, including the circumstances of the offense for which
the defendant is being tried and extraneous crimes or bad acts.  Tex. Code Crim. Proc. Ann. art. 37.07
Sec. 3(a)(1) (Vernon 2006).  However, Rule 403 provides, in part, that although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of needless presentation of cumulative evidence.  Tex. R. Evid. 403.  

            In a non-capital felony punishment
hearing, the jury has discretion to assess whatever punishment it sees fit,
within the statutorily prescribed range.  Rodriguez v. State, 203 S.W.3d
837, 842 (Tex. Crim. App. 2006).  And even though a defendant enters a plea of
guilty, proof is offered so that the jury may have evidence solely for the
purpose of assessing punishment.  See Durham v. State, 466
S.W.2d 758, 759 (Tex. Crim. App. 1971); Darden v. State, 430 S.W.2d 494
(Tex. Crim. App. 1968).  The State's right to introduce evidence is not
restricted by the entry of a plea of guilty by the defendant or by his
admission of facts sought to be proved.  York v. State, 566
S.W.2d 936, 938 (Tex. Crim. App. [Panel Op.] 1978).

            Granted, Perez pled guilty to both
offenses and the two victims, his girlfriend and the police officer, testified
about the circumstances surrounding the offenses.  But because the jury has to
determine what punishment to assess, a video recording can provide a more
panoramic representation of the evidence, and thus, may be more helpful to a jury
in assessing punishment than oral testimony.  See generally, Gordon
v. State, 784 S.W.2d 410, 412 (Tex. Crim. App. 1990).  The State’s right to
introduce the video tape was not restricted by Perez’s guilty plea.  

            We do not believe the trial court
abused its decision in admitting the video tape of the struggle between the
officer and Perez as unnecessarily cumulative punishment evidence in either
offense; and we will not disturb its ruling.  Therefore, Perez’s sole issue is
overruled.

            Having overruled the only issue
presented, the trial court’s judgments in both convictions are affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the judgment)

Affirmed

Opinion
delivered and filed January 23, 2008

Do
not publish

[CR25]