**Affirmed as Modified and Opinion Filed July 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01188-CR

## JESSIE ALEXANDER LUNA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F-1630417**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

A jury convicted Jessie Alexander Luna of the murder of Jepatrick Morgan-Wright and assessed punishment at fifty years' confinement in prison. Luna argues the trial court erred by admitting a crime scene video that was inflammatory and unfairly prejudicial and that the judgment should be modified to correct several errors. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Morgan-Wright was in his front yard with Lucas Quetel and Leanna Wallace when they saw a black Ford drive by with Jessica Martinez, Joe Salas, and Luna inside. Martinez owed money to Morgan-Wright from a prior drug transaction. Morgan-Wright and his friends entered Wallace's vehicle, and followed the Ford until it stopped at a stop sign. Morgan-Wright exited the

vehicle and walked toward the Ford to talk with Martinez. As he approached, Luna exited the Ford holding a gun and met Morgan-Wright. They exchanged words and Luna pointed the gun at Morgan-Wright's head. Morgan-Wright told Luna, "You not gonna shoot me." Luna then aimed at Morgan-Wright's chest and shot him. Luna watched as Morgan-Wright stumbled back toward Wallace's car and fell on the street. Luna and the occupants of the Ford then left the scene. Wallace called police and attempted to aid Morgan-Wright. Police and emergency medical personnel arrived soon thereafter, but were unable to revive Morgan-Wright. He died from a single gunshot wound to the chest.

## ANALYSIS

In his first issue, Luna contends that the trial court erred by admitting a crime scene video recording over his objection that the probative value was outweighed by the prejudicial effect. *See* TEX. R. EVID. 403. Dallas police officer Ryan Smola testified he arrived at the scene after the shooting and assisted Grand Prairie police. A video recorded by Officer Smola's body camera was offered in evidence. Luna objected to the recording under rule 403, but the trial court overruled the objection and allowed the State to publish the video to the jury. The video recorded efforts by police and EMTs to revive Morgan-Wright. Luna moved for a mistrial after publication of the video on grounds it was inflammatory and highly prejudicial. He commented that people in the courtroom "were screaming and running out the door." The trial court denied the motion for a mistrial.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). The trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id*.

Rule 403 of the Texas Rules of Evidence allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by a danger of unfair prejudice,

confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). A court may consider many factors in determining whether the probative value of photographic evidence is substantially outweighed by the danger of unfair prejudice, including: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black-and-white, whether they are close up, whether the body depicted is clothed or naked, the availability of other means of proof, and other circumstances unique to the individual case. *Davis v. State*, 313 S.W.3d 317, 331 (Tex. Crim. App. 2010); *see also Fields v. State*, 515 S.W.3d 47, 56 (Tex. App.—San Antonio 2016, no pet.) (using same factors in rule 403 analysis of crime scene video).

Here, the video recording is in color and is approximately nine minutes in length. It shows Morgan-Wright lying in the street while two officers perform CPR. Morgan-Wright was clothed but his shirt had been cut away. Blood is shown pooling near Morgan-Wright's head and flowing down the incline of the street to the curb. Morgan-Wright's face is shown covered in blood from his eyes to his chin. At one point, the officers rolled him on his side to inspect his back and observed blood beneath Morgan-Wright's head and upper body. When officers rolled Morgan-Wright again, blood appears to the right of his head. The video shows Morgan-Wright being placed on a stretcher and carried to an emergency vehicle while officers continued to perform CPR.

Luna argues the State had no need to show the video to further its opposition to his claim of self-defense, the video was unfairly prejudicial, it had a tendency to confuse or distract the jury from the main issues, and it was cumulative of the autopsy report and still photos of the victim's injuries.

Because there was evidence raising self-defense, the State had the burden to establish the

elements of murder beyond a reasonable doubt and to persuade the jury beyond a reasonable doubt that appellant did not kill in self-defense. *See Mendez v. State*, 515 S.W.3d 915, 921 (Tex. App.—Houston [1st Dist.] 2017), *aff'd*, 545 S.W.3d 548 (Tex. Crim. App. 2018). "A visual image of the injuries appellant inflicted on the victim is evidence that is relevant to the jury's determination." *Gallo*, 239 S.W.3d at 762. The fact that the jury also heard testimony regarding the injuries depicted does not reduce the relevance of the visual depiction. *Id*. Although Luna claims the video is unfairly prejudicial, the video does nothing more than reflect the gruesomeness of the offense, which is not a sufficient reason for excluding evidence. *See Ripkowski v. State*, 61 S.W.3d 378, 392 (Tex. Crim. App. 2001).

The Court of Criminal Appeals has held video and still photographs are not entirely cumulative of each other. *Id*. The form of presentation differs and therefore a video has its own value and impact before the jury. *See Gordon v. State*, 784 S.W.2d 410, 412 (Tex. Crim. App. 1990) ("Video recordings in general may be more helpful to a jury than still photographs."). A video offers a panoramic view of the scene depicting the dimensions, size, and close proximity of the crime scene not offered by photographs. *See Ripkowski v. State*, 61 S.W.3d at 392.

The record supports the trial court's conclusion that the probative value of the video was not substantially outweighed by the danger of unfair prejudice. We conclude the trial court's decision to admit the video was within the zone of reasonable disagreement and was not an abuse of discretion. We overrule appellant's first issue.

In his second issue, appellant contends the judgment should be modified to correctly reflect the date of the judgment, the names of the attorneys representing the parties, the statute of the offense, the finding on a deadly weapon, as well as the plea and finding on the first enhancement paragraph. The State agrees and raises two additional errors by cross-point related to appellant's state identification number and time credit.

This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W. 2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We conclude the suggested modifications are supported by the record. We modify the trial court's judgment to correctly reflect "10/6/2017" as the date of the judgment, Raquel Jones as the State's attorney, Richard Franklin as the defendant's attorney, "19.02 Penal Code" as the statute of the offense, "Yes, a firearm" as the deadly weapon finding, "True" as the plea and finding on the first enhancement paragraph, "4/14/2016" as the date of arrest on appellant's time credit, and 06579485 as his state identification number.

As modified, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171188F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JESSIE ALEXANDER LUNA, Appellant

No. 05-17-01188-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1630417.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as indicated in the following table:

| Section to be modified | Replace existing text with: |
|---|---|
| State ID No. | 06579485 |
| Date Judgment Entered | 10/6/2017 |
| Attorney for State | Raquel Jones |
| Attorney for Defendant | Richard Franklin |
| Findings on Deadly Weapon | Yes, a firearm |
| Plea to 1st Enhancement Paragraph | True |
| Findings on 1st Enhancement Paragraph | True |
| Statute for Offense | 19.02 Penal Code |
| Time Credited | From 4/14/2016 to 10/6/2017 |

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of July, 2018.