# Court of Appeals
## Tenth Appellate District of Texas

No. 10-23-00066-CR

Rodney Dewayne Kuykendall,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2022-472-C1

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Rodney Dewayne Kuykendall was convicted of one count of Assault Family Violence with a Prior (enhanced) and one count of Repeated Violation of Condition of Bond (enhanced), *see* TEX. PENAL CODE §§ 22.01(b)(2); 25.072, and sentenced to 20 years in prison for each count. Because the trial court did not abuse its discretion in admitting video evidence, there was no error in the jury charge, and Kuykendall's complaint regarding the trial court's order to

withdraw funds is a civil matter; but because the trial court's Judgment of Conviction by Jury in Count No. II erroneously reflected the statute for the offense of conviction, we affirm the trial court's Judgment of Conviction by Jury as to Count No. I and affirm as modified the trial court's Judgment of Conviction by Jury as to Count No. II.

## BACKGROUND

Kuykendall and Sydney had been in a relationship. Kuykendall had previously been convicted of assaulting a former girlfirend. Kuykendall punched Sydney in the face in March of 2021. In July of 2021, bond conditions were issued to Kuykendall prohibiting him from contacting Sydney or going to her residence. In October of 2021, Kuydendall went to Sydney's apartment and ultimatley chased her around the parking lot, threatening to shoot her in the face. A neighbor saw the incident and called police. Then, in December of 2021, Kuykendall, after staying in Sydney's appartment for a few days, became angry with Sydney and hit her wrists with a narrow board from the bottom of her son's bed. Police were called by the same neighbor, and while Kuykendall was being arrested, he threatened Sydney in front of the arresting officers.

## EXTRANEOUS BAD ACTS

In his first issue, Kuykendall contends that the trial court abused its discretion, under Texas Rules of Evidence 404(b) and 403, in permitting the State to play video recordings, specifically State's Exhibits 16, 18, and 19,

during the guilt/innocence phase, of Kuykendall's "profanity-laced, threatening, and irrelevant post-arrest conduct."

We review a trial court's decision to admit or exclude extraneous offense evidence under Rules 404(b) and 403 for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). If the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed on appeal even if the trial judge gave the wrong reason for his correct ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

### *Rule 404(b)*

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.[1] TEX. R. EVID. 404(b)(1). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* (b)(2). These "exceptions" are neither mutually exclusive nor collectively exhaustive. *De La Paz*, 279 S.W.3d at 343;

---

[1] Rule 404(b) is a rule of inclusion rather than exclusion and excludes only that evidence that is offered, or will be used, solely for the purpose of proving bad character and conduct in conformity with that bad character. *De La Paz*, 279 S.W.3d at 343.

*Pondexter v. State*, 942 S.W.2d 577, 583-84 (Tex. Crim. App. 1996). There are many other uses for evidence of criminal acts. *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990) (op. on reh'g).

Under this section, Kuykendall asserts that everything captured on the videos introduced as State's Exhibits 16, 18, and 19 pertained to bad acts that were outside the charged offenses because Kuykendall was already in a patrol car and there could be no other permissive use for those bad acts.

We first note that Kuykendall did not object to Exhibits 16 and 18 on the basis of Rule 404(b). Thus, this specific complaint as to those exhibits is not preserved for our review and is overruled. *See* TEX. R. APP. P. 33.1.

Kuykendall objected to Exhibit 19 on the basis of Rule 404(b); however, it is well-established that "erroneously admitted evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010). Exhibit 19 and Exhibit 18 captured the same or similar information but from different perspectives. Exhibit 18 was from the body-cam of the arresting officer, Officer Cano. It captured Kuykendall's arrest, placement in the patrol vehicle, and transport to the jail. It also captured his defiant behavior, his language, and his action of kicking at the side window bars of the patrol vehicle. Exhibit 19 was from the in-car camera in Cano's

patrol vehicle. It captured the same information as Exhibit 18 except Kuykendall's arrest. Because the same or similar information was admitted through Exhibit 18 without an objection based on Rule 404(b), if there was any error in the admission of Exhibit 19 over Kuykendall's Rule 404(b) objection, it was harmless. *See Coble*, 330 S.W.3d at 282; *Estrada*, 313 S.W.3d at 302 n.29.

Kuykendall's first issue as to Rule 404(b) is overruled.

### *Rule 403*

Under this section of his brief, Kuykendall asserts that even assuming Exhibits 16, 18, and 19 were relevant, the trial court abused its discretion in admitting the exhibits over Kuykendall's Rule 403 objection and was harmed.

Initially, we note that although Kuykendall objected to the admission of all three exhibits pursuant to Rule 403, he does not discuss in his brief how the trial court abused its discretion regarding the admission of Exhibit 16. Kuykendall does not reference any part of the exhibit as violating Rule 403's mandate: that even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. APP. P. 403. Accordingly, Kuykendall's Rule 403 complaint about State's Exhibit 16 is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *see also Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—Waco 2020, no pet.). This part of Kuykendall's first issue is also overruled.

Next, we must address Kuykendall's assertion that the trial court was required to view the videos before ruling on Kuykendall's Rule 403 objection, and because the trial court did not do so, the trial court abused its discretion in admitting the exhibits. We disagree with Kuykendall.

Assuming without deciding the trial court in this case did not preview Exhibits 18 and 19, a determination we specifically do not make,[2] the cases on which Kuykendall relies do not support his assertion. We agree that a trial court should view video evidence before ruling on admissibility when the contents of the video are at issue, even though circumstances might arise where such viewing is unnecessary. *Diamond Offshore Servs. v. Williams*, 542 S.W.3d 539, 545-47 (Tex. 2018); *In re Commitment of Cordova,* 618 S.W.3d 904, 923 (Tex. App.—El Paso 2021, no pet.). However, the remedy for a trial court's failure to preview video exhibits is not a finding of an abuse of discretion; the remedy is conducting a Rule 403 analysis. *See Diamond Offshore*, 542 S.W.3d at 547 ("Because the trial court did not properly exercise its discretion in excluding the surveillance video without viewing it, we conduct our own independent Rule 403 analysis."). *See also Salazar v. State*, 90 S.W.3d 330, 337-38 (Tex. Crim. App. 2002); *Gordon v. State*, 784 S.W.2d 410, 413 (Tex. Crim. App. 1990). Accordingly, we do not modify our review of this part of

---

[2] The record is unclear whether the trial court did or did not review the exhibits either at a pretrial hearing regarding all exhibits or prior to the introduction of these particular exhibits.

Kuykendall's first issue.

Texas Rule of Evidence 403 allows the trial court to exclude evidence that may be otherwise relevant "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. To determine whether evidence is admissible under Rule 403, we use the *Montgomery* factors: (1) the strength of the evidence's probative value; (2) the potential for the evidence to "impress the jury in some irrational but nevertheless indelible way;" (3) the amount of time required at trial to develop the evidence; and (4) the proponent's need for the evidence. *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024); *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990) (op. on reh'g). All testimony and physical evidence are likely be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Davis*, 329 S.W.3d at 806; *Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997).

Although Kuykendall argues that events occurring after his arrest have no probative value, we disagree. Evidence of Kuykendall's actions on the

videos such as threatening Sydney and calling her derogatory names, threatening the arresting officer, and Kuykendall's defiant behavior, cussing, and kicking the side window bars in the patrol vehicle with both legs at full force, tends to make a fact of consequence, that Kuykendall assaulted Sydney and consequently, by being near her, violated his bond conditions, more likely than not. Further, the State needed this evidence. Kuykendall's counsel had implied during trial that Sydney was the first aggressor and that the police were unsympathetic to Kuykendall's claim that Sydney struck him. Counsel also argued to the jury that Sydney was not credible because she had used meth and prior to trial, had signed and notarized a statement of non-prosecution. Further, not only did the videos show Kuykendall's aggressive behavior, but they also showed Sydney's demeanor of defeat and fear when Kuykendall was arrested, all of which supported the State's charges against Kuykendall. The presentation of the two video exhibits consumed 22 pages, about one-third, of Officer Cano's testimony. This was not an inordinate amount of time considering the entire State's presentation of witnesses consumed 170 pages. And, while the admission of these arrest and transportation videos may be prejudicial, there was nothing in the videos to suggest the jury could have been impressed in some irrational but nevertheless indelible way.

Accordingly, based on our review of the record and after weighing the

*Montgomery* factors, we conclude that a balance of the factors shows the trial court did not abuse its discretion in admitting State's Exhibits 18 and 19 over Kuykendall's Rule 403 objection.

Kuykendall's first issue as to Rule 403 is overruled.

**JURY CHARGE OR JUDGMENT ERROR**

In his next two issues, Kuykendall complains that the jury charge was egregiously erroneous because it allowed the jury to convict him of the offense of Repeated Violation of Conditions of Bond, Texas Penal Code § 25.072, on conduct that did not violate the statute (Issue 2), or, in the alternative, the trial court's Judgment of Conviction by Jury, Count No. II, incorrectly lists the statute for the offense as Section 22.01 Texas Penal Code instead of Section 25.072 Texas Penal Code (Issue 3).

In his second issue, Kuykendall asserts that a violation of the charged offense of Repeated Violation of Condition of Bond, as set out in Texas Penal Code § 25.072, requires proof that a communication was made in a threatening or harassing manner. Thus, his argument continues, jury charge instructions allowing for a conviction based on non-threatening or non-harassing communication was erroneous and egregiously harmful. Kuykendall misinterprets the statute.

Section 25.072 requires an offender to engage in conduct that constitutes an offense under Section 25.07, Violating Conditions of Bond in a Family-

Violence Case. Kuykendall insists that the only way to violate section 25.07 is pursuant to subsection (a)(2)(A), communicating in a threatening or harassing manner. However, subsection (a)(2)(C) of section 25.07 allows for a conviction based on communications "in *any manner* with the protected individual." (Emphasis added). Kuykendall's conditions of bond prohibited communications "directly or indirectly" with Sydney. Thus, there was no error in the jury charge.

Kuykendall's second issue is overruled.

As an alternative argument to his second issue, Kuykendall asserts in his third issue that the Penal Code statute referenced in the judgment in Count No. II as the provision violated is incorrect. Kuykendall is correct. The statute referenced should be section 25.072.

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b). Accordingly, Kuykendall's third issue is sustained, and the trial court's judgment is modified to reflect section 25.072 as the offense for which Kuykendall was convicted.

**ORDER TO WITHDRAW FUNDS**

In his fourth and final issue, Kuykendall complains that the trial court erroneously signed an Order to Withdraw Funds from Kuykendall's inmate account for the payment of costs. Kuykendall is correct that a pending "appeal

suspends the obligation to pay court costs." *Dulin v. State*, 620 S.W.3d 129, 130 (Tex. Crim. App. 2021). However, a challenge to an order to withdraw funds is civil in nature and not part of the underlying criminal case. *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009). Accordingly, Kuykendall's fourth issue is overruled.

**CONCLUSION**

Having overruled Kuykendall's first, second, and fourth issues, yet having sustained Kuykendall's third issue, we affirm the trial court's Judgment of Conviction by Jury as to Count No. I, modify the trial court's Judgment of Conviction by Jury as to Count No. II to reflect Texas Penal Code section 25.072 as the statute for which Kuykendall was convicted, and affirm the trial court's Judgment of Conviction by Jury as to Count No. II as modified.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: March 13, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Affirmed as modified
Do Not Publish
[CR25]

